## Appeal of AARON W. WOLFSON.        Docket No. 189.

Under section 202 (b) of the Revenue Act of 1918, negotiable promissory notes of a responsible and solvent maker received in 1919 as part payment for one-half interest in a partnership business should be included in the computation of the gain or profit from the sale to the extent of their fair market value, the same in this case being the face value of the notes.

Submitted November 12, 1924; decided January 31, 1925.

*Peter Sissman, Esq.*, for the taxpayer.

*A. Calder Mackay, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

This is an appeal from a determination by the Commissioner of a deficiency for the calendar year 1919 in the amount of $31,289.55 as set forth in the deficiency letter mailed to the taxpayer on July

19, 1924. The alleged deficiency results from the inclusion of three negotiable promissory notes amounting in the aggregate to $130,000, received by taxpayer upon the sale by him on September 20, 1919, of his one-half interest in the partnership of Wolfson, Adelman & Co., in the computation of the gain or profit realized from the sale.

From a stipulation of record the Board makes the following

### FINDINGS OF FACT.

The taxpayer and one Samuel Adelman were engaged in business for a number of years and until September 20, 1919, in the city of Chicago, Ill., as partners under the firm name of Wolfson, Adelman & Co., the business of the partnership being the manufacture and sale of men's clothing.

On September 20, 1919, by mutual agreement the partnership was dissolved, the taxpayer on that date selling to the other partner, Samuel Adelman, all of his interest in the partnership of Wolfson, Adelman & Co., for which he received $150,000 in cash, two negotiable promissory notes totaling $80,000 executed by Samuel Adelman and indorsed by Benjamin Colitz and Morris Perlman, bearing 6% interest per annum and payable on or before March 1, 1920, and a third negotiable promissory note in the amount of $50,000 executed by Samuel Adelman, bearing interest at 6% per annum, payable within 90 days after demand, provided, that no demand should be made prior to March 1, 1920.

The terms of the contract of sale by this taxpayer of his interest in the partnership to Samuel Adelman on September 20, 1919, were as follows:

FIRST: That for and in consideration of the sum of Two Hundred Eighty Thousand ($280,000.00) Dollars, to be paid by the party of the second part to the party of the first part in the manner hereinafter provided, the party of the first part hereby conveys, bargains, sells, and delivers unto the party of the second part:

(A) His undivided interest in the business of Wolfson, Adelman & Company, including all merchandise on hand, manufactured and in process of manufacture, woolens, trimmings and other merchandise of various kinds, all fixtures, furniture, machinery and appliances heretofore used and employed by the parties hereto in their said business;

(B) All merchandise contracted for, to be delivered in the future, and all interest in all contracts now outstanding;

(C) All accounts and bills receivable, and all claims and choses in action of any kind or in issue, due or to become due to said firm;

(D) The interest that the first party and his beneficiaries have in a joint life insurance policy made for the benefit of the firm and also his undivided interest in the real estate owned by the parties hereto as a co-partnership, consisting of farm lands located in the State of Michigan, the party of the first part hereby agreeing to cause to be executed and delivered proper instruments of conveyance by himself and his wife of all right, title or interest therein, to the said party of the second part, and all other parcels of real estate belonging to or owned by the said partnership, as partnership property, similar conveyances of which shall be by the first party and his wife executed and delivered;

(E) All interest of the first party in and to any certificates of stock in the Freeman-Stasny Company, an Illinois Corporation, and to all dividends, moneys, or other accretions thereto;

(F) The leasehold to the premises occupied by the parties hereto as a co-partnership, together with any other right, title or interest of the first party in and to any other leaseholds now standing in the name of said firm or in the joint names of the said partners.

SECOND: The first party also hereby transfers to the second party the good will of the business heretofore conducted under the firm name and style of Wolfson, Adelman & Company, and it is agreed between the parties hereto that the party of the second part, in the conduct of his business may adopt any trade name he may select and add thereto the words: "Successor or Successors to Wolfson, Adelman & Co.", the party of the first part, however, expressly retaining the right, if he should engage in business on his own account to add the words after the trade name that he shall adopt: "Formerly of Wolfson, Adelman & Co."; and the first party shall have the right to solicit business from any customer or customers of Wolfson, Adelman & Co., if he so desires, but it is hereby expressly covenanted and agreed that he is not to use the name "Wolfson, Adelman & Co." or the name or style hereinabove provided to be used or adopted by the second party otherwise than as hereinabove specified.

THIRD. And the party of the second part for and in consideration of the premises and of the sale and transfer to him of the property and property rights hereinabove specified, hereby agrees to pay to the party of the first part the sum of Two Hundred Eighty Thousand Dollars in the manner following, to-wit:

(A) The sum of One Hundred Fifty Thousand ($150,000) Dollars on or before September 30, 1919.

(B) The sum of Eighty Thousand ($80,000) Dollars to be secured to be paid by two notes of the party of the second part, endorsed by either Benjamin Colitz, residing at 3317 Douglas Blvd., Chicago, Illinois, or Morris Perlman, residing at 1234 Independence Blvd., Chicago, Illinois, or some other person acceptable to the party of the first part, which said notes are to bear interest at the rate of six per cent per annum from date hereof to date of payment, and which said notes are to be paid on or before March 1st, 1920;

(C) The sum of Fifty Thousand ($50,000) Dollars being the balance of the purchase price hereinabove specified, shall be secured to be paid to the first party by the second party, by the note of the second party, dated even date herewith, which note shall be due ninety (90) days after demand, provided that no demand shall be made prior to March 1, 1920, and which said note shall bear interest from the date hereof until paid, at the rate of six per cent per annum.

FOURTH: And for the consideration aforesaid, the party of the second part hereby assumes all existing liabilities of the firm of Wolfson, Adelman & Company, consisting principally of moneys due to creditors for merchandise, moneys due to the bank, various undertakings on contracts for merchandise for future deliveries, for money due to various creditors, for money borrowed, all undertakings under any leases and on contracts of employment and obligations of every kind or nature that may be existing against the firm of Wolfson, Adelman & Company to date hereof.

FIFTH: It is further expressly understood that the second party shall pay all debts and obligations of the firm of Wolfson, Adelman & Company, as such debts and obligations mature, without renewal or extension of time on behalf of such firm, or the second party shall have the privilege of obtaining a covenant from any creditor of Wolfson, Adelman & Company not to sue or hold the first party, his heirs or assigns, responsible upon any such debt or obligation as it matures.

SIXTH: And the party of the first part does hereby further covenant and agree that he will not collect or receive any moneys due the firm from any person, firm or corporation whatsoever, nor release or discharge any debtor of the firm.

Samuel Adelman, the maker of the notes in question, was at the time of their execution and at the end of the calendar year 1920 solvent and entirely responsible. Benjamin Colitz and Morris Perlman, indorsers of the two promissory notes aggregating $80,000, were each solvent and financially responsible for the amount of the notes. The solvency and responsibility of the makers and indorsers of these notes were admitted at the hearing. The three promissory notes in question were the equivalent of cash and had a fair market value on December 31, 1920, of $130,000.

DECISION.

The deficiency determined by the Commissioner is approved.

OPINION.

LITTLETON : The only question presented in this appeal is whether the three negotiable promissory notes received by taxpayer upon the sale by him of his one-half interest in the partnership of Wolfson, Adelman & Co. should be included in the computation of a gain or profit from the sale of his interest in the partnership at the time the sale was consummated and the notes received.

It is contended by the taxpayer that the additional tax determined by the Commissioner is erroneous for the reason that the three promissory notes received on September 20, 1919, upon a sale by him of his one-half interest in the partnership aggregating $130,000, should not be included in computing a taxable gain until subsequently received in cash. In support of this contention he insists that the statute taxes only income actually received; that the notes represented merely a promise to pay and were not income received in any amount until actually paid. We are of the opinion that this contention is without merit. Section 213 (a) of the Revenue Act of 1918 provides:

That for the purpose of this title except as otherwise provided in section 233 the term " gross income " includes gains, profits and income * * * of whatever kind and in whatever form paid * * *.

Section 202 (a) (b) of the same act provides:

That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be—

When property is exchanged for other property, the property received in exchange shall for the purpose of determining gain or loss be treated as the equivalent of cash to the amount of its fair market value, if any; * * *.

The notes here involved were unconditional and negotiable. That such notes are property needs no discussion. Negotiable promissory notes are generally regarded by all courts as property, especially those of a responsible and solvent maker. Citation of authorities on this point is unnecessary. It is admitted by taxpayer that the maker and indorsers of these notes were each responsible and solvent. We are clearly of the opinion from the facts that the notes amounting to $130,000 were received by taxpayer as part payment for his interest in the partnership. The sale was a completed and closed transaction on September 20, 1919. This taxpayer completely and absolutely parted with every interest which he had in the partnership. There is no claim that the property (notes) received by taxpayer was not essentially different in character from the property parted with. The facts show there was an essential difference.

Since the statute specifically provides that property received in exchange for other property shall be regarded as the equivalent of cash to the extent of its fair market value, the Commissioner was correct in taking the notes into consideration in determining the gain or loss on the sale.

No evidence was offered that the notes were not worth their face value at the end of the calendar year 1919. The maker, Samuel

Adelman, as well as the indorsers, Benjamin Colitz and Morris Perlman, were each solvent and responsible. The Commissioner upon the evidence before him determined that the notes were equivalent to cash to the extent of their face value. The evidence before us does not warrant a modification of that finding.

Taxpayer contends that if the notes are included in the computation of gain for 1919, the deficiency determined in that year by the Commissioner should be reduced by the amount of taxes paid in 1920 on that portion of his income representing payment on the notes in that year. This contention can not be sustained. The year 1920 was not before the Board on the pleadings and no evidence is before us with respect to that year. So far as we know the Commissioner has made no determination for the year 1920. It is presumed that if 1919 income was in fact returned by taxpayer in 1920 the Commissioner will make the proper adjustment for that year. The determination of the Commissioner is approved.